UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DE'ANDRE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No.: 20-cv-2128-MMM |
| | ) |
| JACQUELINE M. LACY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, currently a pretrial detainee at the Jerome Combs Detention Center in Kankakee, Illinois, is proceeding *pro se*, on a complaint filed pursuant to 42 U.S.C. § 1983. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On November 13, 2017, Plaintiff was released from IDOC custody subject to a two-year term of Mandatory Supervised Release ("MSR"), also known as parole. On November 6, 2019, a warrant for Plaintiff's arrest was issued in 19-CF-641, alleging that he had participated in delivery of a controlled substance on November 7, 2018 and July 15, 2019. Plaintiff was arrested on February 3, 2020 and additional charges were brought and filed in 20-CF-88.

Plaintiff asserts claims as to 19-CF-641 only. He alleges that the arrest was without probable cause, in violation of the Fourth Amendment, as the arrest warrant was "stale" and was "rogue," as it was not verified by the Circuit Clerk. Plaintiff also claims that he did not have a preliminary hearing or arraignment in 19-CF-641;that the cash on his person as the time of arrest was subject to forfeiture; and that the Illinois State Police refused to provide him information related to his case in response to his Freedom of Information Act ("FOI") request. In his prayer for relief, Plaintiff requests the dismissal of the two criminal charges against him and the return of the forfeited money. Plaintiff names Judge Nancy Fahey; the Vermilion County Clerk; Dennis Gardner, Officer Scott Crawley of the Vermilion County Metropolitan Enforcement Group ("VMEG"), the Danville Police Department, the Vermilion County Sheriff's Office and the Illinois State Police.

## ANALYSIS

The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause. That can happen when the police hold someone without any reason before the formal onset of a criminal proceeding. But it also can occur when legal process itself goes wrong—when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 918-19 (2017). However, "the existence of probable cause for an arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment or malicious prosecution." *Fernandez v. Perez,* 937 F.2d 368, 370 (7th Cir.1991)(internal citation omitted).

Where an arrest warrant has issued, "the warrant and body attachment provide probable cause for the arrest. Having the warrant provides the officers with a document upon which a neutral judicial officer has already reviewed the factors and has made a determination that

probable cause exists to arrest." *McNamara v. Handler*, No. 08-3868, 2008 WL 5244648, at *2 (N.D. Ill. Dec. 16, 2008) (internal citations omitted). "A police officer who receives a facially valid arrest warrant is ordinarily expected to act upon it, not to second-guess the court's decision to issue it." *Brunson v. Murray*, 843 F.3d 698, 709 (7th Cir. 2016) (dismissing false arrest claim where arrest was made on the basis of a valid arrest warrant). Here, there are no allegations that the warrant was falsely obtained so as to support a claim for lack of probable cause.

While Plaintiff claims that the warrant was stale, this issue is not particularly relevant when considering an arrest warrant, as opposed to a search warrant. "Unlike a search warrant, which has a period of time within which the search must be conducted before the probable cause becomes stale, an arrest warrant typically does not require execution within a specified time period. This makes sense, of course, because the determination of probable cause in a search warrant is whether probable cause exists that evidence of a crime is located in a particular place at a particular time. The passing of time can significantly impact that situation. But once a neutral judicial officer determines that there is probable cause that a particular individual committed a crime, the passing of time has no effect on that determination." *McNamara v. Handler*, No. 08- C3868, 2008 WL 5244648, at *3 (N.D. Ill. Dec. 16, 2008). *See also, United States v. Haldorson*, 941 F.3d 284, 291 (7th Cir. 2019), *cert. denied,* 140 S. Ct. 1235 (2020) citing *Guadarrama v. United States*, No. 16-6218, 2017 WL 3391683, at *2 (6th Cir. Feb. 13, 2017) "'[r]easonable jurists could not debate th[e] conclusion' that 'while information used to obtain a search warrant may go stale, the same is not true for information underlying an arrest warrant'").

Plaintiff also alleges that the warrant was deficient as it was not signed by the circuit clerk. He offers nothing, however, to support that any alleged failure by the clerk would amount to lack of probable cause for the judicially issued warrant.

Plaintiff claims as to the lack of preliminary hearing and arraignment in 19-CF-641 also fails. This is so, as a preliminary hearing was not required where a judge had already found probable cause for the arrest. Plaintiff's additional claim as to the lack of arraignment does not implicate the Fourth Amendment as it is not based on an alleged lack of probable cause. Plaintiff's Fourth Amendment claims are DISMISSED. If Plaintiff had pled a cognizable Fourth Amendment claim, the Court would be required to stay the proceedings under *Younger v. Harris*, 401 U.S. 37, 54 (1971). "As a rule, a federal court shall not intervene in a pending state criminal prosecution." *Williams v. Farris*, 2013 WL 1729379, * 2 (S.D. Ill. Apr. 22, 2013).

In addition, there is a potential bar to the proceedings if Plaintiff were to be convicted in state court. In that event, *Heck v. Humphrey*, 512 U.S. 477 (1994) would apply. *Heck* provides that a § 1983 claim for money damages may not be pursued if its success would necessarily imply the invalidity of the criminal conviction or sentence. *Id*. at 487. *Heck* will not generally apply to Fourth Amendment cases, as the issue of probable cause to arrest "has no bearing on the validity of [a] subsequent guilty plea and criminal conviction." *Reynolds v. Jamison,* 488 F.3d 756, 767 (7th Cir. 2007); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995) ("[b]ecause an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment.") The *Heck*-bar will apply, however, where the allegedly invalid confinement was brought about through legal process as in the issuance of a warrant, as is alleged here. *Antonelli v. Foster*, 104

F.3d 899, 901 (7th Cir. 1997) (in such cases, the unlawfulness of the confinement "is an implicit or explicit ingredient of his case.").

Here, of course, Plaintiff does not stand convicted, so *Heck* does not apply at this stage of the proceedings. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("*Heck* does not apply absent a conviction.") Plaintiff is placed on notice that, if he is convicted, he may not proceed in a § 1983 action for money damages unless his conviction has been expunged, overturned or called into question. His remedy in such a case is to dispute the conviction in a habeas proceeding.

Plaintiff is also foreclosed from asserting his claim as to the forfeited cash as the claim must be brought in state court. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) (the deprivation of personal property is not a constitutional violation where there is an adequate state post-deprivation remedy available). *See Stewart v. McGinnis,* 5 F.3d 1031, 1035-36 (7th Cir. 1993) (the State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims.)

Plaintiff's FOI claim, too, must be pursued in state court. *Poole v. Saddler*, No. 13-4984, 2014 WL 585306, at *4 (N.D. Ill. Feb. 14, 2014) ("[t]he Illinois FOIA—not the federal FOIA— governs Plaintiff's request for records from an Illinois state agency…" This is so as § 1983 may not be used to enforce state law. *See also*, *Moorer-Bey v. Fed. Bureau of Prisons*, No. 12-212, 2012 WL 1409500, at *4 (S.D. Ill. Apr. 22, 2012) (FOIA claim may not be brought in a *Bivens* or § 1983 action).

**IT IS THEREFORE ORDERED:**

1.    Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to file an amended complaint, should he wish. The pleading is to be captioned

5

Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Plaintiff is not to replead his claims as to the forfeited cash or the FOI request. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff is placed on notice that, if he successfully pleads a Fourth Amendment claim, it will likely be subject to the *Younger* Abstention Doctrine, with the federal case stayed pending the outcome of the state court proceedings.

2.  Plaintiff files [6], requesting that the Court order that the Jail trust fund office remit the entire $400 filing fee as his petition to proceed in forma pauperis was denied. [6] is GRANTED, as the trust fund office at Plaintiff's place of confinement is directed to remit the $400 filing fee to the Clerk of the Central District of Illinois within 21 days.

 10/27/2020  
ENTERED

s/Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE